CHARLES F. WARE

v.

CROFT PILGRIM.

SLANDER—JUSTIFICATION—EVIDENCE.—The action was for words spoken charging the plaintiff with perjury. Defendant pleaded the general issue and justification, and upon the latter plea was the main contest. The evidence was very conflicting, and this court does not find the verdict so far against the weight of evidence as to warrant a reversal.

APPEAL from the Circuit Court of Stark county; the Hon. D. McCULLOCH, Judge, presiding. Opinion filed May 2, 1879.

Mr. C. K. LADD and Mr. B. F. Thompson, for appellant; that testimony as to the social standing of the defendant should have been admitted, cited Hosley v. Brooks, 20 Ill. 116; Harbison v. Shook, 41 Ill. 142.

Plaintiff should have been allowed to state his *intention* to testify to the truth before the justice: White v. The State, 16 Am. Law Reg. 751.

The words charged are actionable and the law implies damages: Rev. Stat. 1877, 933; McKee v. Ingalls, 4 Scam. 30; 2 Greenleaf's Ev. § 418; 2 Starkie on Slander, 47; 2 Selw. Nisi Prius, 428; 3 Blackstone, 93; Swift's Ev. 487; Baker v. Young, 44 Ill. 42; Hatch v. Potter, 2 Gilm. 725; Gilmer v. Eubank, 13 Ill. 271; Hosley v. Brooks, 20 Ill. 116; Harbison v. Shook,

41 Ill. 142; Zuckerman v. Sonnenschein, 62 Ill. 115; Flagg v. Roberts, 67 Ill. 485; Miller v. Johnson, 79 Ill. 58.

The plea of justification must be proved as laid: Harbison v. Shook, 41 Ill. 142; Strader v. Snyder, 67 Ill. 404; Hicks v. Rising, 24 Ill. 566; Darling. v. Barks, 14 Ill. 46; Sandford v. Gaddis, 13 Ill. 329; Anson v. Stuart, 1 T. Rep. 752; Flint v. Pike, 4 Barn. & C. 473; Craft v. Boite, 1 Saund. 244; Maitland v. Goldney, 1 East. 436; Van Ness v. Hamilton, 19 Johns. 349; 1 Greenleaf's Ev. § 58; Story's Pl. 495; Hilliard on Remedies for Torts, 254.

The presumption of law is against the commission of a crime: Sutphen v. Cushman, 35 Ill. 186; Roscoe's Crim. Ev. 16; 1 Greenleaf's Ev. § 34.

The jury are not judges of the competency of the evidence: Harris v. Wilson, 7 Wend. 57.

Instructions should be based on the evidence: Holcomb v. Davis, 56 Ill. 413.

Repetition of the slanderous words may be considered in aggravation of damages: Stowell v. Beagle, 79 Ill. 525; Bush v. Crosser, 1 Kernan, 357; Taylor v. Church, 8 N. Y. 452; Viele v. Gray, 10 Abb. Pr. 6; Folkard's Starkie, 398.

Mr. M. SHALLENBERGER and Mr. M. A. FULLER, for appellee.

PILLSBURY, P. J.  This is an action on the case, brought by appellant against the appellee in the Stark Circuit Court, for words spoken by the appellee, charging plaintiff below with perjury and false swearing on the trial of a cause before a justice of the peace.

The defendant below pleaded the general issue and a special plea of justification.  A trial was had, and a verdict rendered in favor of the defendant, upon which the court, after overruling a motion for a new trial, entered judgment, and the plaintiff appeals to this court.  There is no serious dispute that the plaintiff proved the speaking of the words charged, and the contest below was upon the plea of justification.

Upon this issue the evidence is very conflicting, many witnesses being sworn upon either side, and while we might be

inclined to find a different verdict, were we trying the case as a jury, we are unable to say that the verdict is so far against the weight of evidence as to require a reversal of the judgment upon that ground.

It is urged that the plaintiff should have been allowed by the court to state whether, on the trial before the justice, his intention was to tell the truth.    The plaintiff had already stated to the jury that he believed he was swearing to the truth before the justice, and it was discretionary with the court below to have the question and answer repeated; the plaintiff had all the benefit of such answer, and even if the action of the court in not permitting him to again answer were improper, which we do not now determine, it is an error that did not injure him.    We have carefully examined the instructions, and fail to find any material error in them, or the refusing or modification of those asked by plaintiff.

Perceiving no substantial error in the record, the judgment of the court below will be affirmed.

Judgment affirmed.